UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE TERMARSCH,

        Plaintiff,

v.                                       Case No. 06-12514
                                       Honorable Patrick J. Duggan

FABRIZIO & BROOK, P.C.,
JOSEPH J. FABRIZIO, ROSE MARIE BROOK,
JONATHAN L. ENGMAN, JOSEPH G.
FABRIZIO, MARC P. JERABEK,
DIANE DERENGE, NEW CENTURY
MORTGAGE, HOMEQ SERVICING
CORPORATION, and DEUTSCHE BANK
NATIONAL TRUST CO.,

        Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 30, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Plaintiff David TerMarsch filed this lawsuit in State court on May 9, 2006.

Defendants removed Plaintiff's complaint to this Court on June 6, 2006. This is the

second lawsuit Plaintiff has filed against Defendants Fabrizio & Brook, P.C., HomEq

Servicing Corporation ("HomEq"), Deutsche Bank National Trust Company ("Deutsche

Bank"), and New Century Mortgage ("New Century") in relation to Plaintiff's mortgage

1

on real property in Metamora, Michigan.  In this action, Plaintiff alleges violations of the

Fair Debt Collection Practices Act ("FDCPA"), intentional infliction of emotional

distress, negligent infliction of emotional distress, and "Violations of Constitutionally

Protected Rights."[1]  Presently before the Court are the following motions:

> (1)    HomEq's and Deutsche Bank's motion to dismiss for
>        lack of subject matter jurisdiction under Federal Rule
>        of Civil Procedure 12(b)(1) and for failure to state a
>        claim upon which relief can be granted pursuant to
>        Federal Rule of Civil Procedure 12(b)(6), or
>        alternatively, for summary judgment pursuant to
>        Federal Rule of Civil Procedure 56(c), filed August 15,
>        2006; and
>
> (2)    Motion to dismiss for failure to state a claim upon
>        which relief can be granted, pursuant to Rule 12(b)(6),
>        or alternatively, for summary judgment pursuant to
>        Rule 56(c), filed by Fabrizio & Brook, Joseph J.
>        Fabrizio, Rose Marie Brook, Jonathan L. Engman,
>        Joseph G. Fabrizio, Marc P. Jerabek, and Diane
>        Derenge ("Fabrizio & Brook Defendants"), on
>        September 15, 2006.

On August 17, 2006, two days after HomEq and Deutsche Bank filed their motion,

this Court sent a notice to the parties, indicating that the motion had been filed.  The

Court further reminded the parties of the provisions of Local Rule 7.1, specifically

subsection (d) which provides that "[a] response to a dispositive motion must be filed

---

[1]In the first lawsuit, Case No. 05-73137, Plaintiff and his wife, Sherry TerMarsch
set forth twenty-two causes of action in which they allege that Defendants failed to
disclose or provide certain information or documentation with respect to their mortgage.
In that case, this Court already has dismissed Plaintiff's and his wife's claims against
Fabrizio & Brook, HomEq, and Deutsche Bank.

within 21 days after service of the motion." Plaintiff filed a response to HomEq's and Deutsche Bank's motion, but has not responded to the Fabrizio & Brook Defendants' motion. On October 13, 2006, this Court issued a notice to the parties informing them that it is dispensing with oral argument with respect to the above-listed motions pursuant to Local Rule 7.1(e)(2).

Although not alleged in Plaintiff's complaint, this Court has come to understand from the pending motions and the previously filed lawsuit, that Plaintiff secured a mortgage on the Metamora property through New Century on March 26, 2004. The total amount of the loan was $196,350. On or about July 31, 2004, New Century transferred Plaintiffs' loan to Deutsche Bank and HomEq began servicing the loan. Plaintiff thereafter defaulted on the loan. HomEq sent a letter to Plaintiff, advising him of the default and his right to cure the default and protect the property from foreclosure. *See* HomEq's and Deutsche Bank's Mot. Ex. A. HomEq thereafter hired Fabrizio & Brook to institute non-judicial foreclosure proceedings with respect to the Metamora property. Fabrizio & Brook instituted non-judicial foreclosure proceedings; however, those proceedings were withdrawn when Plaintiff filed for bankruptcy.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotation marks and citations omitted). The court must treat all of the well-pleaded allegations in the complaint as true

3

and construe the allegations in the light most favorable to the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citations omitted). "In order for dismissal to be proper, it must appear beyond doubt that the plaintiff would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint." *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996) (citations omitted). "Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Schied*, 859 F.2d at 436. Similarly, "while a *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers . . ." the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006) (internal citations and quotation marks omitted).

As to his FDCPA claim, Plaintiff does not allege any conduct by any defendant establishing any of the elements of a violation under the Act. Instead, Plaintiff simply recites two provisions of the Act. Even in his response to HomEq's and Deutsche Bank's motion, Plaintiff fails to identify an act by Defendants violating the FDCPA. The Court therefore concludes that this claim should be dismissed with respect to the moving Defendants. Moreover, even if Plaintiff set forth specific acts committed by Defendants constituting violations of the FDCPA, the Court finds, as a matter of law, that the moving Defendants are not "debt collectors" as that term is defined under the statute. *Montgomery*, 348 F.3d at 698-99 (collecting cases and holding that bank attempting to

4

collect on debt that was its own and company hired by bank to repossess collateral were

not "debt collectors" as defined in FDCPA, 15 U.S.C. § 1692); *see also Williams v. Trott*,

822 F. Supp. 1266, 1269 (E.D. Mich. 1993)(holding that attorneys foreclosing on

property who did not send demand letters to debtors were not acting as "debt collectors"

under FDCPA).[2]

In comparison to his FDCPA claim, Plaintiff's second cause of action alleging

intentional infliction of emotional distress contains allegations respecting all the material

elements to sustain recovery under this theory of recovery. Plaintiff, however, fails to

identify conduct by Defendants which would support this claim. "The threshold for

showing extreme and outrageous conduct is high. . . . No cause of action will necessarily

lie even where a defendant acts with tortious or even criminal intent." *VanVourous v.

Burmeister*, 262 Mich. App. 467, 481, 687 N.W.2d 132, 142 (2004) (citing *Roberts v.

Auto-Owners Ins. Co.*, 422 Mich. 594, 602, 374 N.W.2d 905 (1985)). The conduct must

be "so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community." *Roberts*, 422 Mich. at 603, 374 N.W.2d 905. Plaintiff's bare allegation that

"Defendants engaged in extreme, outrageous and unreasonable acts in seeking payment

from plaintiff[]", *see* Compl. ¶ 13, fails to state a claim upon which relief can be granted.

Plaintiff also fails to state a claim upon which relief can be granted with respect to

---

[2]The Fabrizio & Brook Defendants assert that they never sent Plaintiff a demand
letter, *see* Br. in Supp. of Mot. at 6; an assertion to which Plaintiff has not responded.

his negligent infliction of emotional distress claim.  This claim does not encompass the acts of which Plaintiff complains.  *See Maldonado v. National Acme Co.*, 73 F.3d 642, 645-47 (6th Cir. 1996) (concluding that Michigan law recognizes "a claim for [emotional distress for] negligent acts causing one to feare for one's personal safety"); *Daley v. LaCroix*, 384 Mich. 4, 179 N.W.2d 390 (1970)(discussing negligent infliction of emotional distress claim where the plaintiff is a bystander to an injury inflicted upon a third party as a result of the defendant's negligence).

Finally, Plaintiff alleges that Defendants violated his constitutional rights.  The only constitutional rights that Plaintiff identifies in this cause of action, however, are his rights to due process.  *See* Compl. ¶ 14.  The Fabrizio & Brooks Defendants, HomEq, and Deutsche Bank clearly are not state actors and, absent state or federal action, a plaintiff may not assert a due process claim.  *Mays v. Buckeye Rural Elec. Cooperative, Inc.*, 277 F.3d 873, 880 (6th Cir. 2002) (citations omitted); *Scott v. Clay County*, 205 F.3d 867,873 n.8 (6th Cir. 2000) (citations omitted).

For the reasons set forth above, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted against the Fabrizio & Brooks Defendants, HomEq, and Deutsche Bank.

Accordingly,

**IT IS ORDERED**, that the motion to dismiss pursuant to Rule 12(b)(6), filed by Defendants Fabrizio & Brooks, P.C., Joseph J. Fabrizio, Rose Marie Brook, Jonathan L. Engman, Joseph G. Fabrizio, Marc P. Jerabek, Diane Derenge is **GRANTED** and these

6

defendants are dismissed;

**IT IS FURTHER ORDERED**, that the motion to dismiss pursuant to Rule

12(b)(6), filed by HomEq Servicing Corporation and Deutsche Bank National Trust

Company is **GRANTED** and these defendants are dismissed.



                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
David Lee TerMarsch
Thomas G. Costello, Esq.
Marilyn H. Mitchell, Esq.
Karen Smyth, Esq.