UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE TERMARSCH,

       Plaintiff,

v.                                    Case No. 06-12514
                                     Honorable Patrick J. Duggan

FABRIZIO & BROOK, P.C.,
JOSEPH J. FABRIZIO, ROSE MARIE BROOK,
JONATHAN L. ENGMAN, JOSEPH G.
FABRIZIO, MARC P. JERABEK,
DIANE DERENGE, NEW CENTURY
MORTGAGE, HOMEQ SERVICING
CORPORATION, and DEUTSCHE BANK
NATIONAL TRUST CO.,

       Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER OR
IN THE ALTERNATIVE MOTION FOR LEAVE TO AMEND COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 15, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiff David TerMarsch filed this lawsuit in State court on May 9, 2006.

Defendants removed Plaintiff's complaint to this Court on June 6, 2006.  This is the

second lawsuit Plaintiff has filed against Defendants Fabrizio & Brook, P.C., HomEq

Servicing Corporation ("HomEq"), Deutsche Bank National Trust Company ("Deutsche

Bank"), and New Century Mortgage ("New Century") in relation to Plaintiff's mortgage

1

on real property in Metamora, Michigan.  In this action, Plaintiff alleges violations of the Fair Debt Collection Practices Act, intentional infliction of emotional distress, negligent infliction of emotional distress, and "Violations of Constitutionally Protected Rights."

On August 15, 2006, HomEq and Deutsche Bank filed a motion to dismiss.  The remaining Defendants, except New Century Mortgage, filed a motion to dismiss or alternatively for summary judgment on September 15, 2006.  On August 17, 2006, two days after HomEq and Deutsche Bank filed their motion, the Court sent a notice to the parties reminding them of the provisions of Eastern District of Michigan Local Rule 7.1, advising that a response to a dispositive motion must be filed within 21 days after service of the motion.  Plaintiff filed a response to HomEq's and Deutsche Bank's motion, but did not respond to the motion filed by the other Defendants.  On October 30, 2006, the Court issued an opinion and order granting Defendants' motions and dismissing all Defendants, except New Century Mortgage, from this lawsuit.

On November 13, 2006, Plaintiff filed a motion to reconsider or in the alternative, motion for leave to amend complaint.  Local Rule 7.1(g) provides:

> . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(g).  Plaintiff's motion for reconsideration does not demonstrate any "palpable defect" by which the Court and the parties have been misled; nor does Plaintiff

2

identify in his motion how the correction of any the defect will result in a different disposition of the case.

The essence of Plaintiff's request for relief in his motion for reconsideration is that he was unaware of the provisions of Local Rule 7.1(a)(2), to which the Court referred in its October 30 opinion and order.  Rule 7.1(a)(2) simply allows a court to decide a motion without oral argument.  The Court fails to see how Plaintiff's lack of knowledge of this rule in any way affected his rights, particularly when the Court advised the parties prior to issuing its decision that it would be deciding Defendants' motions without oral argument. This notice was sent to the parties on October 13, 2006, and the Court received no objections from Plaintiff to the Court proceeding in this manner.

Plaintiff's motion to amend his complaint must be denied.  Eastern District of Michigan Local Rule 15.1 provides, in relevant part: "A party who moves to amend a pleading shall attach the proposed amended pleading to the motion."[1]  The purpose of this rule is to alert the Court and the opposite party as to what the proposed amendment will do.  That way, the opposing party can have a basis for responding to the motion to amend.

In this case, not only did Plaintiff not attach his proposed amended complaint to his motion to amend, but he did not even state in his motion what amendment(s) he seeks to make.  Thus Plaintiff has provided the Court absolutely no idea of how he would

_____

[1]All parties, whether represented by counsel or acting *pro se*, must be aware of and must follow the Local Rules, as well as the Federal Rules of Civil Procedure.  Otherwise, a *pro se* litigant could simply justify the failure to comply with the rules on the basis of his/her unawareness.

amend the complaint and, therefore, the Court is unable to make a determination as to whether an amendment would "cure the defect" in the original complaint.  In other words, the Court is not able to determine whether Plaintiff could amend his complaint so as to state a cause of action against the Defendants that have been dismissed.

For the reasons set forth above,

**IT IS ORDERED**, that Plaintiff's motion for reconsideration is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion to amend the complaint is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
David Lee TerMarsch
Thomas G. Costello, Esq.
Marilyn H. Mitchell, Esq.
Karen Smyth, Esq.