UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. TERMARSCH,
    Plaintiff,

v.

FABRIZIO & BROOK, P.C., JOSEPH J.
FABRIZIO, ROSE MARIE BROOK,          Case No. 06-12514
JONATHAN L. ENGMAN, JOSEPH G.
FABRIZIO, MARC P. JERABEK, DIANE     Honorable Patrick J. Duggan
DERENGE, NEW CENTURY MORTGAGE
CORP., HOMEQ SERVICING CORP.,
DEUTSCHE BANK NATIONAL TRUST
CO.,
    Defendants.
                                         /

**OPINION AND ORDER (1) GRANTING DEFENDANT NEW CENTURY MORTGAGE CORPORATION'S MOTION TO DISMISS; AND (2) DENYING DEFENDANT NEW CENTURY MORTGAGE CORPORATION'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan on February 28, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

       This is the second lawsuit plaintiff has filed against defendants Fabrizio & Brook, P.C., HomEq Servicing Corporation, Deutsche Bank National Trust Company, and New Century Mortgage ("New Century") in relation to plaintiff's mortgage on real property in Metamora, Michigan. This Court issued a judgment in favor of the defendants and against plaintiff in the first lawsuit on December 5, 2006. Earlier, on October 30, 2006,

1

this Court dismissed the claims in plaintiff's second lawsuit against all defendants, except New Century, pursuant to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Presently pending before the Court is New Century's motion to dismiss or, alternatively, for summary judgment, filed January 31, 2007.  Also pending before the Court is New Century's motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, filed on the same date.

For the same reasons set forth in this Court's October 30, 2006 opinion and order, plaintiff's claims against New Century in his pending complaint fail to state a claim upon which relief can be granted.  Accordingly, the Court grants New Century's motion to dismiss.

New Century seeks Rule 11 sanctions based on the fact that it requested, but plaintiff refused, to dismiss his claims against New Century following the Court's issuance of its October 30, 2006 opinion and order.  Rule 11 provides that a court may impose sanctions upon an attorney or unrepresented party who have violated subdivision (b) of the rule.  Subdivision (c)(1)(A) of Rule 11 provides, in pertinent part:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . , the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. . . .

FED. R. CIV. P.  11(c)(1)(A).  In this case, although New Century made its motion for

sanctions separately, it apparently failed to serve the motion on plaintiff within twenty one days prior to filing or presenting the motion to the court.  Although New Century sent a letter to plaintiff asking him to voluntarily withdraw his claims on November 10, 2006, Rule 11 specifically requires a party seeking sanctions to serve *the motion* on the opposing party at least twenty one days before the motion is filed or presented to the court.  Because New Century did not comply with the "safe harbor" provisions of Rule 11, this Court will not address the merits of the motion for sanctions and denies the motion.

      Accordingly,

      **IT IS ORDERED**, that New Century's motion to dismiss is **GRANTED** and, because New Century was the only remaining defendant, a judgment will issue dismissing plaintiff's complaint;

      **IT IS FURTHER ORDERED**, that New Century's motion for sanctions is **DENIED**.

      s/PATRICK J. DUGGAN
      UNITED STATES DISTRICT JUDGE

Copies to:
David Lee TerMarsch
Thomas G. Costello, Esq.
Marilyn H. Mitchell, Esq.
Karen Smyth, Esq.